**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Shaun Delmore MORTENSON,**
**Defendant–Appellant.**

No. 07–30298.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 9, 2008.*

Filed March 6, 2009.

Marcia Kay Hurd, Esquire, Assistant U.S. USBI—Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Jeremy S. Yellin, Esquire, Havre, MT, for Defendant–Appellant.

Before O'SCANNLAIN, GRABER and BYBEE, Circuit Judges.

MEMORANDUM **

The facts and procedural history are known to the parties and we do not repeat them here. Shaun Mortenson pled guilty to receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). He appeals the lifetime supervised release component of his sentence.

After the district court sentenced Mortenson, we ruled that convicting a defendant both of receipt and possession of child pornography violates the Double Jeopardy Clause because possession is a lesser included offense of receipt. *United States v. Davenport,* 519 F.3d 940, 947–48 (9th Cir. 2008). The government concedes that, under *Davenport,* Mortenson's convictions cannot stand in their present form.

We therefore vacate the judgment and remand with instructions that the district court vacate Mortenson's conviction on one of the two counts, allowing for it to be reinstated without prejudice if his other conviction should be overturned on direct or collateral review. *See id* at 948. Because our remand could result in a different sentence for Mortenson, we do not address his argument that lifetime supervised release was substantively unreason-

able. Any further appeals in this case shall be assigned to this panel.

**VACATED and REMANDED with instructions.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.